HUGH CARNEY *et ux. et al. vs.* MARGARET BYRON *et al.*

Devise of realty in trust that the daughters of the testatrix should "have the occupation of said estate or any part thereof, or in case the same be rented the income thereof (except such portion as may be necessary for keeping the same in repair and paying the taxes and insurance thereon) to be paid to them or the survivor or survivors of them share and share alike," with power in the trustee upon the joint request of the daughters to sell and convey the estate in fee simple.

*Held*, that active duties were required of the trustee, and hence an active trust was created which could not be determined before the death of the last survivor except by the consent of all the beneficiaries.

BILL IN EQUITY to determine a trust. On demurrer.

The fourth clause of the will of Ann Byron referred to in the opinion of the court, is as follows :—

"Fourth. I give and bequeath to Arba B. Dike of said Providence my homestead estate on Bourbon Street in trust for my daughter Rosanna, Delia, Mary Ann and Margaret,

my daughters to have the occupation of said estate or any part thereof, or in case the same shall be rented the income thereof (except such portion as may be necessary for keeping the same in repair and paying the taxes and insurance thereon) to be paid to them or the survivor or survivors of them share and share alike. But the said Trustee shall have the power upon the joint request of my said daughters to sell and convey said Homestead estate in fee simple."

*November* 15, 1895. PER CURIAM. This is a bill to terminate a trust created by the fourth clause of the will of Ann Byron. The complainants proceed on the theory that, by the devise in the will, the daughters of the testatrix, therein named, took an equitable estate in fee in the land as joint tenants, and that the trust created is a mere dry or naked trust.

We do not find it necessary to determine whether the beneficiaries under the devise took equitable estates in fee and as joint tenants; since we are of the opinion that the trust created is an active, and not a mere dry or naked trust. For, though the estate is devised to the trustee in trust, first, that the daughters named shall have the occupation of the estate, we think it is the duty of the trustee to see that the taxes and expenses for necessary repairs are paid, and that if these are not voluntarily paid by the beneficiaries, in case of their occupation of the estate, to take such measures to ensure the payment as may be necessary for the protection of the estate. But, whether this be so or not, the trust goes on to provide, secondly, that in case the estate shall be rented, the income, except such portions as may be necessary for keeping the estate in repair and paying the taxes and expenses of insurance, shall be paid to the daughters or the survivor or survivors of them, share and share alike. In the event, then, that the daughters cease to occupy the property personally, we think that it is clear that the testatrix intended that the trustees should let it, collect the rents, pay from them the taxes and expenses for necessary repairs and insurance, and divide the residue among the beneficiaries or the survivor or survivors of them, share and share alike. The trustee being

thus required to perform active duties, the trust cannot be regarded as a dry or naked trust.

Moreover, as the trust is to continue during the joint lives of the daughters, it cannot be determined before the death of the last survivor, except by the consent of all the beneficiaries.

Demurrer to bill sustained.

*Joseph C. Ely & Herbert Almy*, for complainants.

*Edwin D. McGuinness & John Doran*, for respondents.